IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM TERRELL SHAW, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2647-D-BK |
| | § | |
| DOROTHY FLOYD, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was automatically referred to the United States magistrate judge. Although Plaintiff paid the filing fee, the Court did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED**.

**I. BACKGROUND**

On September 15, 2016, Plaintiff, a pretrial detainee at Terrell State Hospital, filed a *pro se* prisoner *Complaint for Violation of Civil Rights* against Terrell State Hospital Superintendent Dorothy Floyd, Ellis County Judge Carol Bush, Ellis County District Attorney Patrick Wilson, and Ellis County Sheriff Johnny Brown. Doc. 3 at 2-3. In response to a deficiency order, Plaintiff subsequently filed an amended complaint on the court-approved form. He asserts that Defendants have "engaged in retaliation and attempted coercion in attempt to silence [his] concerns over lack of enforcement of the Americans with Disabilities Act (ADA)." Doc. 12 at 6-7. Plaintiff alleges that he was incarcerated at Green Oaks Hospital in Dallas, but was released because he was "no threat to anyone including myself." Doc. 12 at 7. He was then moved to Methodist Richardson, where he was released after receiving "the same clean bill of mental health." Doc. 12 at 7. According to Plaintiff, he was re-arrested by Ellis County officials,

however, and transported to Terrell State Hospital where he is currently confined "in order that [he] might 'regain [his] competency to stand trial.'" Doc. 12 at 7.

Plaintiff complains that Ellis County and Terrell State Hospital failed to appoint a Disability Coordinator as required by the ADA, and that Ellis County "officials refused to hear [his] statements that Federal Law, the ADA, granted [him] immunity from retaliation and coercion for having pointed out their lack of compliance with that Federal Law." Doc. 12 at 7. Plaintiff requests that he be "released immediately" and that he be "assured that no further retaliation and coercion will be attempted." Doc. 12 at 8. He also requests that Ellis County "voluntarily comply with the ADA, or be forced to do so by the court." Doc. 12 at 8. Plaintiff seeks compensatory damages for lost income and "deterioration of the condition of his farm" while confined. Doc. 12 at 8.

The Court issued a questionnaire requesting additional information about Plaintiff's claims and the relief sought. Doc. 14. When asked to state his claims under the ADA as specifically as possible -- including identifying the underlying facts, how he was harmed, the applicable statutory provision(s), and the Defendants involved -- Plaintiff merely asserted:

> Many months ago I learned that Ellis County had not implemented The Americans with Disabilities Act (ADA). Previously, with Justice Department help, I had a Disability Coordinator (DC) put in place in Johnson County. What Ellis County needed was a fully functional DC §335.107. It is appropriate to have Carol Bush appoint a DC. I was ignored when I tried to have it done. You would think she should have tried to listen. She violated §35.160(A)(l) which deals with good communications. I even had the Governor's office send notice to all counties to implement the ADA. I pressed the matter in various ways. There was still no response. The original ADA speaks of using an Indirect Threat to cause compliance. Now a Direct Threat is mentioned but I prefer the former method. The end is the same, "Obey the Law" §35.139
>
> Without discussing any charges, I was seized three times by the Ellis County Sherif's [sic] Office, starting in September 2015 and two more times in Feb 2016.

> The four major defendants have shamelessly worked to have me taken and transported elsewhere in violation of my civil rights § 34.134[.] In addition, they have caused improper use of state laws to challenge my competence as an insult. One purpose of the Americans with Disabilities Act is to "Promote inclusion, reduce stigma and potential embarrassment and combat isolation, segregation, and second class citizenship of individuals with disabilities."

Doc. 15 at 7.

## II. ANALYSIS

Although Plaintiff paid the filing fee, his claims are subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (section 1915A statutory screening provision applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*). Section 1915A(b) provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); c*f.* FED. R. CIV. P. 8(e) ("Pleadings must

3

be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's complaint fails to state a claim upon which relief can be granted.

To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004) (citing *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997)). Here, however, Plaintiff's suggestion that Defendants discriminated against him on the basis of his disability under the ADA offers nothing more than "labels and conclusions." *Twombly*, 550 U.S. at 555.

In his amended complaint, as supplemented by the answers to the Court's questionnaire, Plaintiff repeatedly asserts that the ADA has been violated, Doc. 12 at 7-8; Doc. 15 at 7, however, Plaintiff wholly fails to provide any factual enhancement that would indicate a plausible claim of discrimination on the basis of his disability. He vaguely references his "stroke disability," apparently due to a stroke he suffered in 1999, and a traumatic brain injury he suffers, and complains of "a poor diet and medical emergencies" during a prior confinement at the Ellis County Jail. Doc. 12 at 7. Yet, even assuming Plaintiff is a qualified individual with a disability by virtue of these incidents/conditions, he alleges no connection between his disability and any action by Defendants proscribed under the ADA. Under the most liberal reading, these

4

allegations fail to state prima facie claim of discrimination on account of disability under the Americans with Disabilities Act.

As best the Court can discern, rather than complaining of discrimination directed at him, Plaintiff's chief complaints are of Defendants' refusals to hear his concerns of institutional non-compliance with accommodations for the disabled under the ADA. Doc. 12 at 7. However, to the extent Plaintiff is attempting to bring a claim under the ADA regulations for the failure of Ellis County or the Terrell State Hospital to appoint a Disability Coordinator, Doc. 15 at 7, he has no cause of action.

Under the rules promulgated to implement Title II of the ADA relating to nondiscrimination on the basis of disability in state and local government services as it relates to accessibility, "[a] public entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with and carry out its responsibilities…." 28 C.F.R. § 35.107. The rules provides that "[a]n individual who believes that he or she or a specific class of individuals has been subjected to discrimination on the basis of disability by a public entity may, by himself or herself or by an authorized representative, file a complaint" with the appropriate agency or the Department of Justice. 28 C.F.R. § 35.170. However, there is no private right of action to enforce section 35.107. *Kirola v. City and County of San Francisco*, 74 F.Supp.3d 1187, 1259 (N.D. Cal. 2014) (citing *Lonberg v. City of Riverside*, 571 F.3d 846, 852 (9th Cir. 2009); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress").

Finally, in light of Plaintiff's averment that the stated purpose of his confinement at the Terrell State Hospital is to "regain his competency to stand trial" on state court charges, his

5

allegations that county and state officials are instead holding him in retaliation for his complaints about their failure to designate a Disability Coordinator under the ADA or to respond to his complaints about the same, *see* Doc. 12 at 7-8, are clearly fanciful and delusional. A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to *sua sponte* dismissal with prejudice. See *Brewster v. Dretke,* 587 F.3d 764, 767-768 (5th Cir. 2009) (*per curiam)* (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). In addition to his original complaint, Plaintiff has filed a supplement, Doc. 9, amended complaint, Doc. 12, and answers to the Court's questionnaire, Doc. 15. Still, he has failed, as a matter of law, to state a colorable legal claim. Thus, granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915A(b).

**SIGNED** March 27, 2017.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE